JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-07067-RGK (JEMx) | Date | October 28, 2011 |
|---|---|---|---|
| Title | WILSON v. CHASE HOME FINANCE et al. | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Not Present | | Not Present | |

**Proceedings:** (IN CHAMBERS) Order Re: Defendants' Motion to Dismiss (DE 7)

**I.  INTRODUCTION**

On June 20, 2011, Plaintiff Dwight Dominic Wilson ("Plaintiff") filed a complaint in Los Angeles Superior Court against Chase Home Finance, LLC ("Chase"). On July 26, 2011, Plaintiff filed a First Amended Complaint ("FAC") adding Defendants JPMorgan Chase Bank, N.A. ("JPMorgan"), Washington Mutual Bank, F.A. ("WaMu"), and Quality Loan Service Corp. ("Quality") (collectively with Chase as "Defendants").

Plaintiff's FAC includes claims for the following: (1) breach of contract; (2) undue influence; (3) intentional misrepresentation; (4) wrongful foreclosure; (5) violations of the federal Truth in Lending Act ("TILA") (15 U.S.C. §§ 1601-1667f) and Real Estate Settlement Procedures Act ("RESPA") (12 U.S.C. §§ 2601-2617); (6) vacate trustee's deed; (7) vacate and cancel the foreclosure; (8) quiet title; (9) conversion; (10) violations of California Business and Professions Code § 17200; and (11) declaratory relief.

On August 26, 2010, JPMorgan and Chase removed this case to federal court on the basis of federal question jurisdiction; Quality consented to the removal. Court records indicate that at the time of removal, and at the issuance of this order, WaMu had not been served.

Presently before the Court is JPMorgan's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6) motion"), on behalf of itself and Chase as successor by merger (JPMorgan and Chase together, "Moving Defendants"). For the following reasons, the Court **GRANTS in part** the Moving Defendants' Motion to Dismiss, dismissing the federal claims as to all Defendants and remanding the remaining state law claims.

## II. FACTUAL BACKGROUND

The following facts are taken from the FAC and the Motion to Dismiss:

On January 8, 2004, Plaintiff purchased a piece of property located at 1131 Alta Loma Road, Unit 511, West Hollywood, California 90069 ("the Property"). To finance this purchase, Plaintiff obtained a mortgage from WaMu in the amount of $435,000, secured by a deed of trust. On March 17, 2009, Quality filed a Notice of Default on the property showing that Plaintiff was behind in his mortgage payments by $9,578.88. Quality filed a second Notice of Default on March 19, 2009, indicating that Plaintiff was behind by $10,015.67 on his mortgage payments. On June 29, 2009, Quality recorded a Notice of Trustee's Sale on Plaintiff's Property with the Los Angeles County Recorder's Office.

Plaintiff alleges that sometime between late 2009 and early 2010 Chase offered Plaintiff a trial loan plan, in which Plaintiff would pay $1,850 per month over a three month period. Plaintiff alleges that Chase agreed to this trial modification in order to help him afford his monthly mortgage payments. Plaintiff made payments under the trial loan, but JPMorgan allegedly declined to extend a permanent loan modification to him and refused to accept Plaintiff's further loan payments.

On January 3, 2011, Quality recorded a second Notice of Trustee's Sale on Plaintiff's Property indicating a sale date of January 24, 2011. Although a sale has yet to occur, Plaintiff alleges that Quality scheduled a foreclosure sale on the Property for August 15, 2011, without notifying him.

Plaintiff's FAC includes eleven claims against Defendants, ten arising under state law and one arising under federal law. Defendants removed this case to federal court under 28 U.S.C. § 1441 on the grounds that federal subject matter jurisdiction existed based on a federal question.

## III. JUDICIAL STANDARD

Under Rule 12(b)(6), a party may move to dismiss for failure to state a claim upon which relief can be granted. In deciding a Rule 12(b)(6) motion, the court must assume that all allegations and associated reasonable inferences in the challenged complaint are true and construe the complaint in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations. *See W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Only facts included in the pleadings shall be considered. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

To survive a motion to dismiss under Rule 12(b)(6), a pleading must contain sufficient factual matter to "state a claim . . . that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, where the facts of a complaint merely infer the possibility of wrongdoing, the pleader is not entitled to relief. *Id.* at 1950.

**IV**.   **DISCUSSION**

While the Moving Defendants challenge all claims in their Motion to Dismiss, the Court addresses only the federal claim. For the reasons stated below, the Court grants dismissal of the federal claim as to all Defendants and remands the remaining state law claims.

**A.   Plaintiff's Fifth Claim for Violations of TILA and RESPA**

Moving Defendants' Motion to Dismiss is unopposed by Plaintiff. Under Local Rule 7-12, failure to file an opposition is deemed a consent to the Motion. Additionally, the Court finds that Plaintiff fails to state a claim upon which relief can be granted for either the alleged TILA or RESPA violation and therefore grants dismissal.

1.   *TILA Violation*

TILA primarily requires lenders to make certain disclosures in consumer credit transactions, particularly related to the true costs of a loan. *See Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412-13 (1998). These disclosures must be made prior to or upon the consummation of the loan transaction. *See King v. California*, 784 F.2d 910, 915 (9th Cir. 1986) (holding that the statute of limitations for a TILA violation does not begin until the date of consummation of the transaction).

Plaintiff alleges that Defendants failed to respond to his demands and requests, specifically his demand for "validation of the debt" in violation of TILA. (FAC ¶¶ 38-39.) These allegations are insufficient to state a claim against Defendants under TILA.

Plaintiff's allegation that Defendants failed to respond to his demand for validation of the debt is inadequate to state a claim because TILA creates no requirement that a creditor respond to a request for validation of a debt. Plaintiff cites to no provision of TILA, and the Court is unable to find a specific provision of TILA, that would require a response to a request for validation of the debt.[1] Therefore, Plaintiff has failed to allege any facts that would give rise to a TILA violation by Defendants.

2.   *RESPA Violation*

RESPA places a duty on loan servicers to respond to borrower inquiries relating to information about the borrower's loan. 12 U.S.C. § 2605(e). This duty is triggered when the servicer receives a "qualified written request" ("QWR") from a borrower. 12 U.S.C. § 2605(e)(1)(A). After receiving a QWR, a servicer must acknowledge its receipt within twenty days and respond to the inquiries within sixty days. 12 U.S.C. § 2605(e)(1), (2). For purposes of RESPA, a QWR is defined as:

> a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that-- (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B).

---

[1] TILA does obligate creditors to respond to a borrower's complaint of a billing error. 15 U.S.C. § 1666. However, Plaintiff makes no such allegation that he submitted a request to Defendants for clarification of a perceived billing error.

Plaintiff's allegations are identical to those stated above regarding the TILA violation. Plaintiff alleges that he made demands and requests of Defendants, specifically for validation of the debt. (FAC ¶¶ 38-39.)

Plaintiff does not allege any facts that could plausibly be construed to show that Plaintiff sent a QWR to Defendants that would trigger their obligation to respond under RESPA. Plaintiff only alleges that he made "demands and request[s]" to Defendants. (FAC ¶ 39.) The FAC does not identify what kind of demand or request was made, other than for validation of the debt. Moreover, Plaintiff makes no allegation that his request was in writing. In failing to allege that he sent a QWR, Plaintiff fails to plead a claim under RESPA.

In light of the foregoing, the Court **DISMISSES** Plaintiff's fifth claim as to all Defendants.[2]

### B.  Plaintiff's Remaining State Law Claims

28 U.S.C. § 1367(c)(3) grants federal district courts discretion to decline to excercise supplemental jurisdiction over state law claims when the court has dismissed all claims over which it has original jurisdiction. This Court has dismissed Plaintiff's claim under TILA and RESPA and thus has dismissed all claims over which it has original jurisdiction. As a result, the Court declines to exercise jurisdiction over the remaining state law claims and remands the remainder of the action.

### IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** JPMorgan's and Chase's Motion to Dismiss as to Plaintiff's fifth claim and **DISMISSES** that claim as to all Defendants. The Court **REMANDS** the remaining claims to state court for all further proceedings.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | slw |

---

[2] Court records indicate that WaMu has not been served in this action. However, in light of the fact that JPMorgan is a successor in interest to WaMu, the Court also grants dismissal as to WaMu. If JPMorgan is not a successor in interest to WaMu, Plaintiff must notify the court within [XX 5 DAYS XX]. Dismissal is also appropriate as to Quality in light of their status as a non-monetary party under California Civil Code § 29241.